IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIAN DIOR CONNER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0105 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Christian Dior Conner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 2005 conviction and sentence for aggravated robbery. Respondent filed a motion to dismiss based on expiration of limitations. (Docket Entry No. 15.) The motion's certificate of service reflects that petitioner was served a copy of the motion on August 31, 2009. *Id*, p. 11. Despite expiration of a reasonable period of time well in excess of thirty days, petitioner has failed to file any opposition to the motion.

For the reasons shown below, the Court grants the motion to dismiss and dismisses this lawsuit as barred by limitations.

*Background*

Petitioner was convicted of aggravated robbery and sentenced to twenty years' incarceration on January 14, 2005. The state court of appeals affirmed his conviction, *Cobber v. State*, No. 01-05-00068-CR (Tex. App. – Houston [1st Dist.] 2006, pet. ref'd), and

the Texas Court of Criminal Appeals refused discretionary review on November 8, 2006. Petitioner's first and second applications for state habeas relief, filed on March 28, 2005, and February 22, 2007, were dismissed because his direct appeal was pending. Petitioner's third application for state habeas relief, filed on November 27, 2007, was denied by the Texas Court of Criminal Appeals on July 23, 2008.

Petitioner filed the instant petition on December 1, 2008. Respondent argues that the petition should be dismissed as barred by the federal one-year statute of limitations.

*Analysis*

As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>   recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

Petitioner's conviction became final for purposes of AEDPA on or about February 6, 2007, ninety days after refusal of state discretionary review, and the AEDPA one-year limitation expired one year thereafter on or about February 6, 2008. SUP. CT. R. 13.1. Petitioner's instant application for habeas relief, filed on December 1, 2008, was filed nearly ten months after expiration of limitations, pending tolling by any properly-filed application for state habeas relief.

Petitioner's first two state habeas applications were premature, and had no tolling effect on limitations. *See Kelly v. Quarterman*, 260 F. App'x 629, 630 (5th Cir. 2007). Petitioner's third application for state habeas relief, which was filed on November 27, 2007, and denied by the Texas Court of Criminal Appeals on July 23, 2008, was pending for 240 days. Accordingly, petitioner had until October 3, 2008, to seek federal habeas relief. The instant petition, filed on December 1, 2008, was filed nearly two months later and is untimely.

Further, neither petitioner nor the record before this Court show any grounds for statutory or equitable tolling. *See* 28 U.S.C. §§ 2244(d)(1)(C), (D); *Larry v. Dretke*, 361 F.3d 890, 896-97 (5th Cir. 2004). Accordingly, the instant petition is untimely. Respondent is entitled to summary judgment dismissing petitioner's habeas claims as barred by limitations.

## *Conclusion*

The motion to dismiss (Docket Entry No. 15) is GRANTED and this case is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on November 18, 2009.

_____
Gray H. Miller
United States District Judge